IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMILY C. JONES <br> 18395 W 152d Terrace, #219 <br> Olathe, KS 66062 <br><br> Plaintiff, <br><br> v. <br><br> CAPSTONE REAL ESTATE <br> SERVICES, INC., <br> Serve Registered Agent <br> The Corporation Company, Inc. <br> 112 SW 7th Street, Ste 3C <br> Topeka, Kansas 66603 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Emily Jones states as follows for her causes of action against Capstone Real Estate Services, Inc.

1. Plaintiff Emily Jones is a Mexican American female resident of Olathe, Kansas.

2. Defendant Capstone Real Estate Services, Inc., is a corporation organized under Texas law, operating an Apartment Complex called Aspens at Ridgeview Falls in the state of Kansas, who may be served through its registered agent at the place of business at the above address.

3. Plaintiff was an employee of defendant from July 9, 2019 until October 20, 2020, at Aspens at Ridgeview Falls located in Olathe, Kansas. Her

last position held was as Assistant Manager. Defendant committed the tortious actions described herein in the District of Kansas such that venue is proper in this court.

4. This case arises under 42 U.S.C. §1981 (§1981), 42 U.S.C. §2000e, et seq. (Title VII of the Civil Rights Act of 1964, as amended, or Title VII), 29 U.S.C. §621, et. seq. (Age Discrimination in Employment Act or the ADEA), and 29 U.S.C. §201, et seq. (Fair Labor Standards Act or the FLSA), and Kansas common law making jurisdiction appropriate in this court.

5. Defendant subjected Plaintiff to discrimination based on her race and retaliated against plaintiff for her complaints about race and age discrimination, unpaid overtime, and violations of Kansas state Fair Housing Laws, when it terminated her employment.

6. Plaintiff filed a Charge of Discrimination with the EEOC and this matter is filed within 90 days of his receipt of a Notice of Right to Sue.

7. Plaintiff performed her job to the best of her ability and satisfactorily met the legitimate job expectations of defendant.

## COUNT I – 1981 and TITLE VII – RACIAL HARASSMENT AND DISCRIMINATION

8. Plaintiff incorporates by reference the preceding paragraphs of this petition.

9. On October 20, 2020, plaintiff was terminated by defendant

2

because of her race; Plaintiff's race was a determining factor in the decision and defendant denied plaintiff the benefits of a contractual relationship on the basis of her race.

10. Certain similarly situated white employees engaged in similar job performance and had similar skills and qualifications but were not disciplined as severely or terminated; but for plaintiff race, she would not have been terminated.

11. The reasons given for this employment decision were untrue and pretextual.

12. Prior to the termination, defendant treated plaintiff to unfair, unwarranted criticism of her employment.

13. White employees were treated much more favorably by defendant.

14. Defendant treated Hispanic employees less favorably including her father, 69 year-old Rogelio Esparza.

15. Upon information and belief, Plaintiff was replaced by a younger, white employee.

16. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

17. Defendant acted with reckless disregard for plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## **COUNT II – 1981 and TITLE VII — RETALIATION**

18. Plaintiff incorporates by reference the preceding paragraphs of this petition.

19. Plaintiff complained about the unfair, discriminatory treatment of Hispanic employees. Specifically, on October 6, 2020, she complained to Human Resources about discrimination.

20. Plaintiff was terminated shortly after that compliant, on October 20, 2020.

21. Similarly situated employees who had not engaged in protected activity had similar job performance and had similar skills and qualifications but were not demoted or forced to resign.

22. The reasons given for the termination were untrue and pretextual.

4

23. Plaintiff's complaints were a determining factor in the decision and defendant denied plaintiff the benefits of a contractual relationship on the basis of her race.

24. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

25. Defendant acted with reckless disregard for plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

### COUNT III — RETALIATION— ADEA

26. Plaintiff incorporates by reference the preceding paragraphs of this petition.

27. Plaintiff complained about the unfair, discriminatory treatment of older employees. Specifically, on October 6, 2020, she complained to Human

Resources about age discrimination.

28. Plaintiff was terminated shortly after that complaint, on October 20, 2020.

29. Similarly situated employees who had not engaged in protected activity had similar job performance and had similar skills and qualifications but were not demoted or forced to resign.

30. The reasons given for the termination were untrue and pretextual.

31. Plaintiff's complaints of age discrimination were a determining factor in the decision.

32. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary.

33. Defendant's conduct was willful in that it knew age discrimination was against the law when it took the actions described in this Compliant.

WHEREFORE, Plaintiff prays for judgment against Defendant for lost salary, liquidated damages in an equal amount, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

### **COUNT IV — RETALIATION — FLSA**

34. Plaintiff incorporates by reference the preceding paragraphs of

this petition.

35. Plaintiff complained about the failure to pay for overtime hours of employees; specifically, on October 11, 2020, plaintiff complained to management about unpaid overtime.

36. Plaintiff's unpaid overtime complaint was a determining factor in the termination decision.

37. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

38. Defendant's conduct was willful as defendant knew it had an obligation to pay minimum wage and overtime.

WHEREFORE, Plaintiff prays for judgment against Defendant for lost salary, liquidated damages, attorneys fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## COUNT V — RETALIATION — KANSAS COMMON LAW
## FAIR HOUSING WHISTLEBLOWER

39. Plaintiff incorporates by reference the preceding paragraphs of this petition.

40. Plaintiff complained about violations of Fair Housing laws.

41. Specifically, on October 11, plaintiff complained to management about fair housing issues.

42. Kansas state law, specifically the Residential Landlord and Tenant Act, KSA 58-2540, et seq., prohibits unfair housing acts including unlawful evictions.

43. Plaintiff's fair housing complaint was a determining factor in the termination decision.

44. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

45. Defendant acted with reckless indifference to plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant for lost salary, compensatory damages, punitive damages, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

**THORNBERRY BROWN, LLC**

By: /s/Stephen C. Thornberry
Stephen C. Thornberry      KS #17494
*steve@ThornberryBrown.com*
Randall W. Brown      KS #17905
*randy@ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF